[Crim. No. 2421.   Second Appellate District, Division One.—December 18, 193^

THE   PEOPLE,   Respondent,   v.   THOMAS   G.   POGGI, Appellant.

Henry C. Huntington for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—This is a bank robbery case. The crime was committed by one Crowley together with another man who, according to the contention of the prosecution, was the defendant Poggi. The defendant having been convicted appeals from the judgment and from the order denying his motion for a new trial.

The evidence is amply sufficient to prove that appellant was present at the time and place of the robbery, and that he took part in that proceeding. Only three points are suggested in support of the appeal. These are that the court committed prejudicial error in admitting in evidence a gun which was not positively identified and was not found in possession of the appellant; that the trial judge was guilty of misconduct in certain comments made by him; and that testimony of the said Crowley was improperly admitted.

The gun thus received in evidence was shown to have been found (one week after the date of the robbery) in an apartment occupied by appellant and his wife. It was not otherwise shown to be the property of appellant. The only evidence that it was a gun used at the robbery consists of testimony of witnesses who, when this gun was shown to them, said that it was similar to the gun used by one of the men who held up the bank. In ruling upon the objection to the admission of the gun in evidence the court said: ''The gun is received in evidence, not as though a foundation had been laid it was the actual gun, but upon the evidence it was similar in appearance to the gun used, being used for the purpose of illustration only, at this time.'' The point urged by appellant is that the gun having been admitted in evidence for the purpose of illustration only and the attempt to lay a foundation for its admission having failed, the court should have withdrawn its admission in evidence for any purpose and left it marked for identification only. Even if the ruling of the court on this point was erroneous (which we think it not necessary to decide), the error was not prejudicial and does not present a sufficient ground for reversal.

■ The assignment of misconduct by reason of remarks made by the trial judge is without merit. The remarks themselves were not improper and appellant made no assignment of misconduct at the time.

■ The assignment of error in the admission of the testimony of the witness Crowley is not supported by any statement in the brief, of the testimony given by Crowley, and we are not given any definite reason why it should be held that the court erred in permitting him to testify. It is suggested by the attorney-general that the transcript discloses no instruction requested that the jury disregard the testimony of Crowley, and no motion made to strike such testimony from the record. It seems to be conceded on both sides that his testimony disclosed nothing which in any way connected the defendant with the crime. Under these circumstances there could have been no prejudicial error committed.

There being no other reason shown for reversal, it is ordered that the judgment and the order denying defendant's motion for a new trial be, and the same are, affirmed.

Houser, J., and York, J., concurred.